IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUSTEES OF THE IUPAT DISTRICT COUNCIL NO. 51 HEALTH & WELFARE FUND, *et al.*, | * | |
| Plaintiffs, | * | Civil No. TDC-22-2942 |
| v. | * | |
| GLASS FACADES, LLC, | * | |
| Defendant. | | |
| * * * * * * | | |

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Supplement and Second Motion for Default Judgment ("Motion") (ECF No. 20) filed by Plaintiffs Trustees of the IUPAT District Council No. 51 Health & Welfare Fund, *et al.* (collectively, the "Funds"). Defendant Glass Facades, LLC ("Glass Facades") has not responded, and the time for doing so has passed. *See* Loc. R. 105.2(a). On January 17, 2024, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6(al), Judge Chuang referred this case to me for a report and recommendation on the Funds' Motion. ECF No. 18. I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Plaintiffs' Motion (ECF No. 20) be granted in part and denied in part. I further recommend that the motion for default judgment filed at ECF No. 15 be denied as moot.

I.   **FACTUAL AND PROCEDURAL HISTORY**

In this case, the Funds filed suit against Glass Facades under the Employee Retirement Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 the Labor-Management Relations Act, 29 U.S.C. § 185(a), to recover amounts owed to the Funds

under a Collective Bargaining Agreement ("CBA"). ECF No. 1. Glass Facades executed a waiver of service on September 1, 2023, acknowledging that it had received a copy of the complaint and agreeing to waive service, but it did not file an answer or responsive pleading by the requisite deadline. ECF No. 9; *see* Fed. R. Civ. P. 4(d)(4). The Funds moved for Clerk's entry of default on November 16, 2023, and the Clerk's Entry of Default was entered the same day. ECF Nos. 12 & 13. Thereafter, the Funds filed a motion for default judgment (ECF No. 15), which the Court ordered them to supplement (ECF No. 19). The Funds complied with the Court's order by filing the Motion, to which Glass Facades has not responded. The Motion is now ripe for decision.

## II.     LEGAL ANALYSIS

### A.     Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Ryan*, 253 F.3d at 780. Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151, at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages and may rely on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

**B.     Liability**

ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. ERISA further provides that employers who fail to make timely contributions are liable in a civil action for unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and any other relief the Court deems appropriate. 29 U.S.C. § 1132(a), (g).

The following facts are taken from the Complaint (ECF No. 1), the Funds' Motion (ECF No. 20), and the exhibits attached thereto. The Funds allege that they are multiemployer employee pension benefit plans within the meaning of 29 U.S.C. § 1002(3) and (37). ECF No. 1 ¶¶ 1, 3, 4. The Funds are established and maintained pursuant to the provisions of an Agreement and

3

Declaration of Trust and the Collective Bargaining Agreement (the "DC 51 Agreement") between the International Union of Painters and Allied Trades, District Council 51, and contractors in the glass, glazing, architectural metals, panels and caulking trades. *Id.* At all times relevant to the Complaint, Glass Facades was a party to the DC 51 Agreement. *Id.* ¶ 8; ECF Nos. 20-1, 20-2 & 20-5. Pursuant to the DC 51 Agreement, Glass Facades is bound to the Agreements and Declarations of Trust establishing the Funds (collectively, the "Trust Agreements"). *Id.* The DC 51 Agreement allows the Funds to take steps to secure compliance with the terms of the agreement and to assess costs against employers who breach the agreement. *Id.* ¶ 9.

Between August 1, 2020, and December 31, 2021, Glass Facades breached its obligations under the DC 51 Agreement and the Trust Agreements by failing to remit union dues and employee benefit contributions to the Funds in the amount of $16,822.40. *Id.* ¶ 10.

Accepting as true the unchallenged allegations of the Complaint, along with the evidence that the Funds submitted in connection with their Motion (ECF No. 20), the Funds have established Glass Facades' liability for its failure to make the timely contributions required by the DC 51 Agreement and the Trust Agreements.

    **C.    Damages**

Having determined that the Funds have established Glass Facades' liability, it is now appropriate to determine the damages to which the Funds are entitled. The damages the Funds seek in their Motion are appropriate under Rule 54(c) so long as "the record supports the damages requested." *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010). Here, the Funds have provided sufficient evidence to support a claim for damages in the amount of $17,435.19.

In support of their claim for damages, the Funds rely on the Affidavit of Dan Komara, an employee of Zenith American Solutions ("Zenith"), the company that serves as the administrator of the Funds. ECF No. 20-4. Mr. Komara states that Glass Facades submitted monthly reports to Zenith for the months of August 2020 and September 2020, and April 2021 through December 2021. *Id.* Although Glass Facades' reports show it owing a balance of $16,822.40 in contributions for work performed in those months, Glass Facades did not submit the required payment to Zenith or the Funds. *Id.* I recommend that the Court award $16,822.40 to the Funds as damages for Glass Facades' delinquent contributions for the months of August 2020 and September 2020, and April 2021 through December 2021.

In October 2019, Mark Gedney, the managing member of Glass Facades, submitted a bond of $5,000 to the Funds. ECF No. 20-2 at 3; *see also* ECF No. 20 at 2. As permitted by the bond, the Funds have deducted $5,000 from what Glass Facades owes. ECF No. 20-4.

The Funds also seek an award of liquidated damages. Section 5 of the Restated Agreement and Declaration of Trust Establishing the Painters' Trust Fund of Washington, D.C. and Vicinity ("Health Fund Trust Agreement") provides that when an employer is in default in filing any report or making any required contributions,

> There may be added to and become a part of the amount due and unpaid liquidated damages for each monthly report or payment due to the Fund, pre-litigation in the amount of ten dollars ($10.00) per employee per month. In the event of litigation, there may be added to and become a part of the amount due and unpaid (in lieu of the aforementioned liquidated damages of ten dollars per employee per month), liquidated damages for each monthly report or payment due to the Fund in the amount of twenty (20) percent of the unpaid contributions owed, or any higher percentage allowed by Federal or State law.

ECF No. 20-5 at 19.

The Funds seek an award of liquidated damages of $300.00 (calculated as $10 per employee per month) and $3,364.48 (calculated as 20% of the unpaid contributions). But the plain

language of Section 5 of the Health Fund Trust Agreement does not allow an award of both types of liquidated damages. The Funds may seek liquidated damages calculated as either $10 per employee per month during which Glass Facades was delinquent in making its contributions or, if litigation commences, 20 percent of the unpaid contributions. *See id.* (stating that liquidated damages of 20 percent of unpaid contributions may be awarded "in lieu of" liquidated damages of ten dollars per employee per month). I recommend that the Court award the Funds liquidated damages in the amount of $3,364.48, which is 20 percent of Glass Facades' delinquent contributions. I recommend that the Court deny the Funds' request for an additional $300 in liquidated damages because such an award is not permitted under the Health Fund Trust Agreement.

The Funds seek an award of $1,073.31 in interest. Section 5 of the Health Fund Trust Agreement provides that when an employer fails to submit the required contributions

> there shall be added to and become part of the amount due and unpaid, interest determined at the rate prescribed under Section 6621 of the Internal Revenue Code of 1954, as amended, from due date until the date of payment.

ECF No. 20-5 at 19. Because the Funds are entitled to an award of interest, and because the Funds' interest calculation appears to be correct, I recommend that the Court award the Funds $1,073.31 in prejudgment interest.

Finally, the Funds seek an award of attorney's fees, which are available in ERISA cases, 29 U.S.C. §1132(g)(2). When a court enters judgment for the plaintiff in an ERISA action for a plan to recover unpaid contributions, it "shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." *Id*. In calculating an award of attorney's fees, the court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours

reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Fourth Circuit has stated that a court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In addition, Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides that lawyers admitted to the bar for 15 to 19 years may reasonably bill : $275-425 per hour. These rates serve as guidelines in determining the reasonableness of hourly rates.

The Funds rely on the Affidavit of Michael Melick to support their request for an award of attorney's fees. ECF No. 20-6. Although Mr. Melick does not state when he became a member of the bar, public records indicate that he joined the Maryland bar in 2009. Throughout this case, Mr. Melick charged an hourly rate of $250.00. This rate is presumptively reasonable under Appendix B to the Local Rules and I find it to be reasonable here. I also find that the time Mr. Melick spent working on this case (4.7 hours) to be reasonable. I recommend that the Court award the Funds $1,175.00 in attorney's fees.

In summary, I recommend that the Court grant in part and deny in part the Funds' Second Motion for Default Judgment (ECF No. 20), enter judgment in favor of the Funds and against Defendant Glass Facades, and award $17,435.19 in damages to the Funds, plus post judgment interest, calculated as follows:

| | |
|---|---|
| $16,822.40 | Delinquent contributions |
| $3,364.48 | Liquidated damages |
| $1,073.31 | Prejudgment interest |
| $1,175.00 | Attorney's fees |
| ($5,000.00) | Deduction for the bond forfeiture |
| **$17,435.19** | **Total** |

As explained above, I do not recommend that the Court award the Funds a separate $300.00 in liquidated damages. And I do not recommend that the Court award the higher amount of damages sought in Mr. Melick's affidavit (totaling $20,609.19) because damages in excess of $17,435.19 are not supported by the evidenced submitted along with the Motion. In addition, the Motion itself only requests $17,735.19 in damages ($300.00 of which are not permitted by the Health Fund Trust Agreement). *See* ECF No. 20 at 2. ("Thus, Plaintiffs move for a default judgment in the amount of $17,735.19, plus post judgment interest and costs of collection.").

III.   **CONCLUSION**

For the reasons set forth above, I recommend that the Court grant in part and deny in part the Funds' Second Motion for Default Judgment (ECF No. 20), enter default judgment in favor of the Funds and against Defendant Glass Facades, LLC, and award damages to the Funds in the amount of $17,435.19, plus post judgment interest at the legal rate. I recommend that the Court deny the motion filed at ECF No. 15 as moot.

The Clerk of Court shall mail a copy of this Report and Recommendation to Defendant Glass Facades, LLC.

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

<u>April 24, 2024</u>                                              _____/s/_____
Date                                                                    Timothy J. Sullivan
                                                                              Chief United States Magistrate Judge